IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JULIUS REED,<br><br>      Defendant. | 8:21–CR–292<br><br>MEMORANDUM AND ORDER REFERRING DEFENDANT'S CHANGE OF PLEA BACK TO THE MAGISTRATE JUDGE IN ACCORDANCE WITH NECRIMR 11.2(D) |

  This matter is before the Court on the magistrate judge's Findings and Recommendation, Filing 155, recommending that the Court accept Defendant's plea of guilty to Count I of the Indictment. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a *de novo* review of the record and will refer this matter back to the magistrate judge in accordance with NECrimR 11.2(d) for the reasons set forth in this Order.

  The Grand Jury returned a two-count Indictment against Defendant on November 16, 2021. Filing 1 at 1. Count I charges Defendant with conspiracy "to distribute and possess with intent to distribute promethazine with codeine, a Schedule V controlled substance" in violation of 21 U.S.C. §§ 841(a)(1) and 846. Filing 1 at 1. Count II charges Defendant with knowingly and intentionally obtaining promethazine with codeine, a Schedule V controlled substance, by misrepresentation, fraud, forgery, deception, or subterfuge in violation of 21 U.S.C. § 843(a)(3). Filing 1 at 1. Defendant initially pleaded not guilty to both Counts. Filing 12 (Text Minute Entry). However, he subsequently signed a plea agreement on May 18, 2023, in which he agreed to plead guilty to Count I of the Indictment. Filing 159 at 1, 7. In exchange for his plea of guilty to Count I, the Government agreed to dismiss Count II at the time of sentencing. Filing 159 at 1.

1

The offense alleged in Count I generally carries a maximum one-year term of imprisonment. *See* 21 U.S.C. § 841(b)(3).[1] However, the statute goes on to provide that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 4 years . . . ." *See id*. The offense alleged in Count II carries a maximum four-year term of imprisonment. *See* 21 U.S.C. § 843(d)(1). Defendant's Petition to Enter a Plea of Guilty, Filing 158, and his Plea Agreement, Filing 159, both advised Defendant that he faced a maximum four-year term of imprisonment based on his plea of guilty to Count I. *See* Filing 158 at 4; Filing 159 at 2.

During Defendant's change of plea hearing on June 21, 2023, the magistrate judge advised Defendant that he "could receive a prison term . . . of up to four years, a fine of not more than $250,000, or both such imprisonment and a fine, a supervised release term of up to one year in addition to any term of imprisonment, [and] a special assessment of $100." Filing 163 at 9. Counsel for the Government and Counsel for Defendant agreed on the record that the magistrate judge properly set forth the statutory penalties. Filing 163 at 9. After being so advised, Defendant entered a plea of guilty to Count I of the Indictment. Filing 163 at 18. The problem with all of this is that a four-year sentence is not presently authorized on Count I of the Indictment. It is unclear how the Government and the Defendant reached these figures. However, the Court surmises that it may have come about in one of two ways.

One possibility is that the Government failed to appreciate its need to comply with 21 U.S.C. § 851(a)(1). Pursuant to this statute, "a defendant's sentence may not be increased by reason of his prior convictions unless the government files a written notice of its intent to rely on those

---

[1] "In the case of a controlled substance in schedule V, such person shall be sentenced to a term of imprisonment of not more than one year . . . ." 21 U.S.C. § 841(b)(3).

2

convictions prior to entry of the defendant's guilty plea." *United States v. Timely*, 443 F.3d 615, 625–26 (8th Cir. 2006). The plain language of 21 U.S.C. § 851(a)(1) states, in pertinent part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1).

Thus, a four-year maximum term of imprisonment on Count I would be authorized if the Government filed a qualifying information in accordance with § 851's clear dictates. *See* 21 U.S.C. § 841(b)(3). However, based on the Court's review of the docket in this case, no such information appears to have been filed. Nor is there any indication from Defendant's change of plea hearing or from the Indictment itself that Defendant has been placed on actual notice of the Government's intent to seek a penalty enhancement based on a prior felony drug conviction. *See generally* Filing 1; Filing 163.[2] Therefore, because the Government has not complied with the notice requirement set forth in 21 U.S.C. § 851 and there is nothing in the plea agreement or the Indictment indicating that Defendant was on actual notice of the Government's intent to rely on a specific prior felony

---

[2] The Eighth Circuit has "conclude[d] the prosecution's noncompliance with § 851(a)(1) does not affect the court's jurisdiction." *United States v. Mooring*, 287 F.3d 725, 727 (8th Cir. 2002). Thus, defendants "may waive the requirements of § 851(a)(1) even though the statute is phrased in mandatory language." *Id.* at 728; *see also United States v. Ryan*, 52 F.4th 719, 722 (8th Cir. 2022) (citing *Mooring* for this same proposition), *cert denied*, 143 S. Ct. 1791 (2023). In *Mooring*, the court found that the defendant had indeed waived these requirements. *Mooring*, 287 F.3d at 728. However, unlike the present case, the defendant in *Mooring* "stipulated he had received proper § 851 notice" and the record revealed that he "knew of the specific earlier conviction relied on to support the enhancement, admitted his conviction to the district court, and knew of the enhanced ten-year minimum sentence." *Id.* Thus, the *Mooring* court concluded that he "received the protections intended by the statute, and merely waived the written information requirement." *Id.*; *see also United States v. Johnson*, 462 F.3d 815, 823 (8th Cir. 2006) (noting that although "the general procedure is for the government to file a separate notice pursuant to § 851" the defendant's "argument for reversal fails because the government's reliance on prior convictions was apparent from the face of the indictment, which listed the prior convictions on which the government relied and expressly cited to § 851"). Here by contrast, nothing elicited during the change of plea hearing or set forth in the plea agreement or Indictment demonstrates Defendant's actual knowledge regarding the Government's intent to rely on a prior felony drug conviction for the purposes of seeking an enhanced penalty.

drug conviction, this Court can only impose a one-year term of imprisonment on Count I. *See* 21 U.S.C. § 841(b)(3).[3]

Yet, even if the parties were under the mistaken impression that the Government need not comply with § 851 by filing an information prior to Defendant's plea of guilty, that still would not explain how they jointly arrived at a maximum authorized fine of $250,000. *See* Filing 159 at 2; Filing 163 at 9. When a defendant is subject to an enhanced, four-year term of imprisonment pursuant to 21 U.S.C. § 841(b)(3) based upon a prior felony drug conviction, he is also subject to "a fine not to exceed the greater of *twice* that authorized in accordance with the provisions of title 18 or $200,000 if the defendant is an individual or $500,000 if the defendant is other than an individual[.]" 21 U.S.C. § 841(b)(3) (emphasis added). In other words, a defendant who is subject to four-year term of imprisonment under 21 U.S.C. § 841(b)(3) is also subject to a $500,000 fine—not a $250,000 fine. *See* 18 U.S.C. § 3571(b)(3), (e). Therefore, even if this mistake explained how the parties arrived at a four-year maximum term of imprisonment, it does not explain how they arrived at a $250,000 maximum fine.

The Court concludes that it cannot determine how the parties may have erroneously arrived at a four-year maximum term of imprisonment. A four-year term of imprisonment is allowed for violations of 21 U.S.C. § 843(a)(3)—which was alleged in *Count II* of the Indictment. *See* 21 U.S.C. § 843(d)(1) ("Except as provided in paragraph (2) any person who violates this section shall be sentenced to a term of imprisonment of not more than 4 years, a fine under title 18, or both . . ."). If that is indeed the source of the confusion, then the parties' mistake is even more

---

[3] *See United States v. Counterman*, 846 F. App'x 114, 116 (3d Cir. 2021) (finding the district court "committed plain error" when it enhanced the defendant's sentence despite the lack of § 851 notice); *United States v. Dodson*, 288 F.3d 153, 162 (5th Cir. 2002) ("The court's imposition of two-year sentence under these circumstances where the government failed to file the information required by § 851 is an error, that is obvious and affects [the defendant's] substantial rights as it resulted in an enhanced sentence"); *see also United States v. Lewis*, 597 F.3d 1345, 1347 (7th Cir. 2010) (noting that "[t]he government's failure to file a § 851 information was a slipup to be sure").

fundamental because Defendant pleaded guilty to Count I—not Count II. *See* Filing 159 at 1; Filing 163 at 18. Although Count I charges criminal conspiracy in violation of 21 U.S.C. § 846, the Indictment makes clear that the underlying offense forming the basis for this conspiracy is grounded in 21 U.S.C. § 841(a)(1). *See* Filing 1 at 1. Nothing in Count I relates to a violation of 21 U.S.C. § 843(a)(3). *See* Filing 1 at 1. To the extent this is the source of the error, then it is plainly in need of correction because it would mean Defendant was advised on penalties that apply to a Count the Government agreed to dismiss—not the Count he pleaded guilty to.

Defendant's plea agreement also advises him that he is facing "[a] term of supervised release of at least 1 year/up to life." Filing 159 at 2. This is erroneous. Defendant faces a maximum supervised release term of up to one year, regardless of whether the Government files an information pursuant to § 21 U.S.C. § 851(a)(1). *See* 21 U.S.C. § 841(b)(3); 18 U.S.C. § 3559(a)(6); 18 U.S.C. § 3583(b)(3). Under no scenario is Defendant facing a maximum supervised release term of life based on Count I as Defendant's plea agreement suggests.[4] Given that the Court cannot discern how the parties came to the conclusions they did, the most prudent course is to refer this matter back to the magistrate judge for resolution. *See* NECrimR 11.2(d) ("[T]he district judge may reconduct or refer back to the magistrate judge all or part of the plea hearing, affirm or set aside any finding by the magistrate judge, and make additional findings."). Therefore, Defendant's plea of guilty is not accepted at this time. Should Defendant timely seek to change his plea or pleas in the future, the Court will permit him to do so provided he is correctly advised of the penalties that apply to the Count or Counts to which he pleads. Accordingly,

---

[4]The Court recognizes that—contrary to what Defendant's plea agreement said—the magistrate judge correctly advised Defendant that he faced a maximum supervised release term of up to one year. Filing 163 at 9.

IT IS ORDERED:

1. Defendant's plea of guilty to Count I is not accepted at this time; and

2. This matter is referred back to the magistrate judge for resolution in accordance with NECrimR 11.2(d).

Dated this 21st day of July, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge