IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JULIUS REED,<br><br>                    Defendant. | 8:21–CR–292<br><br>ADOPTION OF MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION ON PLEA OF GUILTY |

This matter is before the Court on the magistrate judge's Findings and Recommendation, Filing 184, recommending that the Court accept Defendant's plea of guilty to Count II of the Incitement.[1] There are no objections to the Findings and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a *de novo* review of the record and adopts the Findings and Recommendation of the magistrate judge.[2] Accordingly,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation, Filing 184, is adopted;

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea;

3. The Court defers acceptance of any plea agreement until it has reviewed the presentence report, pursuant to Fed. R. Crim. P. 11(c)(3); and

4. This case shall proceed to sentencing.

---

[1] The Defendant initially pleaded guilty to Count I of the Indictment pursuant to a plea agreement which provided that the Government would dismiss Count II of the Indictment. *See generally* Filing 159; Filing 163. This Court referred the matter back to the magistrate judge to resolve an incongruity in this plea. *See generally* Filing 166. Ultimately, the Government and the Defense altered the plea agreement to provide that the Defendant would plead guilty to Count II of the Indictment and, in exchange, the Government agreed to dismiss Count I. *See* Filing 186 at 1–2; Filing 192 at 16–17. These new pleas resolve the incongruity that the Court previously identified.

[2] The Court notes that the plea agreement incorrectly states that the Defendant is facing a term of supervised release of at least one year and up to life, s*ee* Filing 186 at 2. However, during the change of plea hearing held on August 9, 2023, the magistrate judge correctly informed that the Defendant that he only faced a supervised release term of up to one year. *See* Filing 192.

Dated this 24th day of August, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge